<hr/>

(Reap. Dec. 10523)

THE AMERICAN IMPORT CO. ET AL. *v.* UNITED STATES

Entry No. 40752, etc.

(Decided June 4, 1963)

*Stein & Shostak* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market value

or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values, plus the F.O.B. charges set out on the invoices, but not including the buying commissions as stated on the invoices.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise herein involved and that such values were the invoice unit values, plus f.o.b. charges set out on the invoices, but not including the buying commissions, as stated on said invoices.

Judgment will issue accordingly.